UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| MELODY BRUMETT, | : | Case No. 1:07-cv-955 |
|---|---|---|
| Plaintiff, | : | Judge Michael R. Barrett |
| | : | Magistrate Judge Timothy S. Black |
| vs. | : | |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND SUPPORTED BY SUBSTANTIAL EVIDENCE, AND AFFIRMED; AND (2) THIS CASE BE CLOSED**

This is a Social Security disability benefits appeal. At issue is whether the administrative law judge ("ALJ") erred in finding Plaintiff "not disabled" and therefore not entitled to supplemental security income ("SSI"). (*See* Administrative Transcript ("Tr.") (Tr. 15-25) (ALJ's decision)).

**I.**

On August 5, 2004, Plaintiff filed an application for SSI, alleging a disability onset date of January 1, 2001, due to asthma, disc herniation, and a cyst in the lower back. (Tr. 63-69, 145).[2]

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] Plaintiff previously applied for SSI in July 2002 and February 2003. (Tr. 26-27, 30-37, 58-62). The Agency denied her applications on initial review, and Plaintiff sought no further administrative review of those determinations. (*Id.*)

Upon denial of Plaintiff's claims on the state agency level, she requested a hearing *de novo* before an ALJ. (Tr. 6-25, 28-29, 38-40, 42-49, 385-431). A hearing was held on April 25, 2007, at which Plaintiff appeared with counsel and testified. (Tr. 15). A vocational expert, William T. Cody, was also present and testified. (*Id.*)

On June 11, 2007, the ALJ entered his decision finding Plaintiff not disabled. (Tr. 15-25). That decision became Defendant's final determination upon denial of review by the Appeals Council on October 19, 2007. (Tr. 6-9).

The ALJ's "Findings," which represent the rationale of his decision, were as follows:

1. The claimant has not engaged in substantial gainful activity since January 1, 2001, the alleged onset date (20 CFR 416.920(b) and 416.971 *et seq.*).

2. The claimant has the following severe impairments: degenerative disc disease of the cervical and lumbar spine, chronic bronchitis, asthma, depression, and anxiety (20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 202, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift/carry 20 pounds occasionally and 10 pounds frequently and stand/walk and sit about six hours total in an eight-hour workday. She is unlimited in pushing/pulling other than what was mentioned for lifting/carrying and she can frequently stoop and occasionally climb but never crawl. She should avoid concentrated exposure to fumes, odors, dusts, gases, poor ventilation, etc. In addition, she would be able to complete simple one and two step instructions and routine-repetitive tasks, but avoid having to work at a constant rapid pace and minimal interaction with others.

5. The claimant is unable to perform any past relevant work (20 CFR 416.965).

6. The claimant was born on June 14, 1956 and was 48 years old, which is defined as a younger individual age 45-49, on the date the application was filed (20 CFR 416.963).

7. The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 CFR 416.968).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.960(c) and 416.966).

10. The claimant has not been under a disability, as defined in the Social Security Act, since August 5, 2004, the date the application was filed (20 CFR 416.920(g)).

(Tr. 17 - 24).

In sum, the ALJ concluded that Plaintiff was not under a disability as defined by the Social Security Regulations and was therefore not entitled to SSI. (Tr. 25).

On appeal, Plaintiff maintains that: (1) the ALJ erred in the weight he afforded to certain doctors under 20 C.F.R. 416.927(d) and Ruling 96-2p; and (2) the ALJ erred in failing to properly assess Plaintiff's pain, credibility and subjective complaints. Each argument will be addressed in turn.

**II.**

The Court's inquiry on appeal is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). In performing this review, the Court considers the record as a whole. *Hephner v. Mathews,* 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found plaintiff disabled. As the Sixth Circuit has explained:

> The Commissioner's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. The substantial evidence standard presupposes that there is a "zone of choice" within which the Commissioner may proceed without interference from the courts. If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm.

*Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994).

The claimant bears the ultimate burden to prove by sufficient evidence that she is entitled to disability benefits. 20 C.F.R. § 404.1512(a). That is, she must present sufficient evidence to show that, during the relevant time period, she suffered an impairment, or combination of impairments, expected to last at least twelve months, that left her unable to perform any job in the national economy. 42 U.S.C. § 423(d)(1)(A).

**A.**

For her first assignment of error, Plaintiff maintains that the ALJ erred when he gave the most weight to Dr. Heban, who only reviewed part of Plaintiff's file, rather than affording more weight to the treating and consulting doctors.

An ALJ must give the opinion of a treating source controlling weight if he or she finds that the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence in [the] case record." *Wilson v. Comm'r of Soc. Sec.,* 378 F.3d 541, 544 (6th Cir. 2004) (quoting 20 C.F.R. § 404.1527(d)(2)). Deference is due, however, only when the physician supplies sufficient medical data to substantiate his diagnosis and opinion. *Giddings v. Richardson,* 480 F.2d 652, 656 (6th Cir. 1976). Mere diagnosis of a condition is not indicative of a disabling functional debilitation. *See Varley v. Sec'y of Health & Human Servs.,* 820 F.2d 777, 780 (6th Cir. 1987).

The ALJ must provide "specific reasons for the weight given to a treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Wilson,* 378 F.3d at 544 (*citing* Soc. Sec. Rul. 96-2p). Nonetheless, the ultimate determination of whether a claimant is "disabled" rests with the Commissioner, and not with the treating physician. *See* Soc. Sec. Ruling 96-5p; *see also Varley,* 820 F.2d at 780.

The ALJ considered the record as a whole and reasonably concluded that Plaintiff could lift or carry 20 pounds occasionally and 10 pounds frequently; stand or walk and sit for about 6 hours in an 8-hour workday; engage in unlimited pushing or pulling up to 20 pounds; and frequently stoop, occasionally climb, and never crawl. (Tr. 18). The ALJ further limited Plaintiff to simple, one and two step instructions and routine-repetitive tasks that avoided working at a constant rapid pace, more than minimal interaction with other people, and avoided concentrated exposure to fumes, odors, dusts, gases, and poor ventilation. (Tr. 18) ("range of light work").

As support for his RFC finding, the ALJ noted that he gave great weight to the opinion of the state agency physician, Dr. Heban. (Tr. 21). *See* 20 C.F.R. § 416.927(f)(1) ("State agency medical and psychological consultants and other program physicians and psychologists are highly qualified physicians and psychologists who are also experts in Social Security disability evaluation"). Dr. Heban reviewed a significant portion of the medical evidence and concluded that Plaintiff could lift 20 pounds occasionally and 10 pounds frequently, stand or walk for about 6 hours in an 8-hour workday, sit for about 6 hours in an 8-hour workday, and had some postural limitations. (Tr. 288-95). Another state agency physician reviewed the record six months later and concurred with Dr. Heban's opinion. (Tr. 295). The ALJ, however, did not limit his RFC finding to Dr. Heban's opinion. The ALJ indicated that the evidence showed that Plaintiff had severe bronchitis and asthma, and he provided environmental limitations to accommodate those impairments. (Tr. 21).

The ALJ further noted that the overall objective evidence did not support Plaintiff's complaints of a disabling condition. (Tr. 22, 181, 190, 282). In addition to the objective evidence, the ALJ also considered other evidence in discounting Plaintiff's allegations of a disabling condition, including the effectiveness of her treatment modalities, her activities, and the fact that she continued to smoke despite her bronchitis and asthma. (Tr. 20, 22, 195, 198, 215, 409, 414-16). Based on the record as a whole, the ALJ reasonably concluded that Plaintiff could perform a range of light work.

Plaintiff argues that the ALJ's finding of light work was not supported by substantial evidence because the ALJ did not adequately weigh the medical source opinions in the record, in particular the disability opinions provided by her treating physician, Dr. Dillard, and the opinion of the consultative examiner, Dr. Arani. (Doc. 6 at 2-5).

According to the regulations, a medical opinion is a statement from a physician, psychologist, or other acceptable source reflecting judgment about the nature and severity of a claimant's impairment and what the claimant can still do despite the impairments and physical and mental restrictions. 20 C.F.R. § 416.927(a)(2). A treating source opinion is entitled to controlling weight when it is both well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record. 20 C.F.R. § 416.927(d)(2). If controlling weight is not given to a treating source opinion, then several other factors such as length of treatment

relationship, supportability, consistency, and specialization, are considered in determining the weight to be given to the treating source opinion. 20 C.F.R. § 416.927(d)(2).

Dr. Dillard completed a functional assessment form at the request of Plaintiff's counsel. (Tr. 296-300). He indicated that Plaintiff could sit for 2 hours in an 8-hour workday, stand or walk for 1 hour in an 8-hour workday, and lift no more than 5 pounds (Tr. 297). He further indicated that Plaintiff must lie down 5 hours in an 8-hour workday, and that she was unable to push or pull any weight. (Tr. 297-98). The ALJ reasonably concluded that Dr. Dillard's opinion was not entitled to any significant weight because it was not adequately supported and was inconsistent with the other objective evidence in the record. (Tr. 22). Indeed, Dr. Dillard only cited Plaintiff's restricted range of motion and her neck and back pain as support for the limitations, and the medical evidence did not support his opinion that Plaintiff was unable to push or pull even one pound. (Tr. 22, 299-300).

The ALJ reasonably concluded that Dr. Dillard's opinion was not entitled to controlling weight because he did not adequately explain his opinion, his opinion was inconsistent with the other objective evidence, and he was not a specialist.

Plaintiff cites *Shelman v. Sec'y of Health and Human Servs.*, 821 F.2d 316 (6th Cir. 1987), for the proposition that "[it] is an error of law to give more weight to a paper reviewer of the file versus a supported opinion of disability from a treating source." (Doc. 6 at 2-3). However, in *Shelman*, the Court was concerned that the ALJ relied on the opinion of a medical expert in discounting the opinion of a treating physician. *See*

*Shelman*, 821 F.2d at 321. The Court indicated that "[while] the ALJ was not bound by the opinions of plaintiff's treating physicians, he was required to set forth some basis for rejecting these opinions." *Id*. Here, in contrast to *Shelman*, the ALJ provided his reasons for discounting Dr. Dillard's opinion, including that Dr. Dillard did not adequately explained his opinion, his opinion was inconsistent with the other objective evidence, and he was not a specialist. (Tr. 22).

Plaintiff also argues that the ALJ committed error by not properly weighing Dr. Dillard's opinion pursuant to the factors set forth in 20 C.F.R. § 416.927(d)(2). However, the ALJ noted that although Dr. Dillard was a treating physician, his opinion was not adequately explained, his opinion was inconsistent with the other evidence, and he was not a specialist. (Tr. 22).

Plaintiff next argues that the ALJ erred in giving significant weight to Dr. Heban's opinion because the ALJ did not consider the entire record, including Dr. Dillard's opinion and his progress notes. (Doc. 6 at 3). As an initial matter, another state agency physician reviewed the record six months after Dr. Heban issued his opinion and concurred with Dr. Heban's opinion. (Tr. 295). Furthermore, the ALJ did not rely solely on Dr. Heban's opinion in forming his RFC. As mentioned above, the ALJ reviewed the entire record, including the evidence submitted after Dr. Heban reviewed the record, and gave a reasonable explanation for discounting Dr. Dillard's opinion.

Finally, Plaintiff argues that the ALJ committed error in weighing Dr. Arani's opinion. (Doc. 6 at 4-5). Dr. Arani examined Plaintiff one time and opined that she

could not lift objects heavier than 10 to 15 pounds or stand longer than one-half hour. (Tr. 283).³ In discounting Dr. Arani's opinion, the ALJ noted that his opinion was based on Plaintiff's subjective complaints and that Dr. Arani's objective findings did not support his limitations. (Tr. 23, 282).

Accordingly, there is substantial evidence in the record supporting the ALJ's finding that Plaintiff was not disabled.

**B.**

For her second assignment of error, Plaintiff maintains that the ALJ erred in failing to consider her pain, credibility and subjective complaints.

When considering a claim for disability based on pain, the Court is guided by the Sixth Circuit's instruction that, initially, there must be objective evidence of an underlying medical condition. *Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 853 (6th Cir. 1986). If such evidence exists, there must be objective medical evidence to confirm the severity of the alleged pain arising from that condition, or the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged disabling pain. *Id.; see also Felisky*, 35 F.3d at 1038-39.

Moreover, it is within the discretion of the ALJ, who actually meets with and takes testimony from an individual plaintiff, to evaluate that plaintiff's credibility. As the Sixth Circuit has found: "[i]t is for the [Commissioner], not a reviewing court, to make

---

³ Plaintiff told Dr. Arani that she could not stand for longer than one-half hour or lift objects more than ten pounds. (Tr. 281).

credibility findings." *Felisky*, 35 F.3d at 1036; *see also McGuire v. Comm'r of Soc. Sec.*, No. 98-1502, 1999 WL 196508, at *6 (6th Cir. Mar. 25, 1999) (*per curiam*) ("An ALJ's findings based on the credibility of an applicant are to be accorded great weight and deference, particularly since the ALJ is charged with the duty of observing a witness's demeanor and credibility.").

The ALJ noted that Plaintiff continued to smoke despite having asthma and chronic bronchitis. (Tr. 19, 22, 195, 198, 409). The ALJ further noted Plaintiff's activities, including mopping, doing laundry, shopping, washing dishing, watching television, and walking. (Tr. 20, 215, 414-16). 20 C.F.R. § 416.929(c)(4)(i) (daily activities considered in evaluating symptoms). In limiting Plaintiff to a range of light work, however, the ALJ acknowledged that Plaintiff had difficulty doing some of her activities. (Tr. 20). The ALJ further discussed the medical opinions and additional objective evidence in the record. (Tr. 20-22). *See* 20 C.F.R. § 416.929(c)(3) (statements by medical sources considered in evaluating symptoms).

The ALJ found Plaintiff's allegations of pain credible only to the extent that it prevented her from performing more than a range of light work. *See Mullen v. Bowen,* 800 F.2d 535, 545 (6th Cir. 1986) ("The substantial evidence standard allows considerable latitude to administrative decision makers. It presupposes that there is a zone of choice within which the decision makers can go either way, without interference by the courts."). An ALJ's credibility finding is entitled to considerable deference, and reviewing courts do not generally make *de novo* credibility findings. *See Buxton,* 246

F.3d at 773 ("The ALJ's findings as to a claimant's credibility are entitled to deference, because of the ALJ's unique opportunity to observe the claimant and judge her subjective complaints.") (citations omitted); *see also Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003) ("Upon review, we are to accord the ALJ's determinations of credibility great weight and deference particularly since the ALJ has the opportunity, which we do not, of observing a witness's demeanor while testifying.").

Accordingly, the ALJ properly concluded that Plaintiff's complaints of a disabling condition were not fully credible.

### III.

For the foregoing reasons, Plaintiff's assignments of error are without merit. The ALJ's decision is supported by substantial evidence and should be affirmed.

**IT IS THEREFORE RECOMMENDED THAT:**

The decision of the Commissioner, that Plaintiff was not entitled to a period of disability and disability insurance benefits or supplemental security income, be found **SUPPORTED BY SUBSTANTIAL EVIDENCE**, and **AFFIRMED**; and, as no further matters remain pending for the Court's review, this case be **CLOSED.**

**IT IS SO RECOMMENDED.**

Date:  February 6, 2009                                            s/ Timothy S. Black
                                                                                           Timothy S. Black
                                                                                           United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MELODY BRUMETT, | : | Case No. 1:07-cv-955 |
| | : | |
| Plaintiff, | : | Judge Michael R. Barrett |
| | : | Magistrate Judge Timothy S. Black |
| vs. | : | |
| | : | |
| COMMISSIONER OF | : | |
| SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **TEN (10) DAYS** after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to **THIRTEEN (13) DAYS** (excluding intervening Saturdays, Sundays, and legal holidays) when this Report is being served by mail and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within **TEN (10) DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 106 (1985).