UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Melody Brumett,

    Plaintiff,

    v.                                         Case No. 1:07cv955

Commissioner of Social Security,        Judge Michael R. Barrett

    Defendant.

### ORDER

Before the Court is the February 6, 2009 Magistrate Judge's Report & Recommendation ("R&R") recommending that (1) the ALJ's non-disability finding be found supported by substantial evidence, and affirmed; (2) and this case be closed. (Doc. 10)

The parties were given proper notice, pursuant to 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).[1] Plaintiff filed timely Objections to the R&R. (Doc. 11)

**I.    BACKGROUND**

Plaintiff filed an application for SSI based upon asthma, disc herniation, and a cyst in the lower back. (Tr. 63-69, 145.) On June 11, 2007, the ALJ found Plaintiff not disabled. (Tr. 15-25.) The Appeals Council denied review and that decision became the Commissioner's final decision. (Tr. 6-9.)

---

[1] A notice was attached to the Magistrate's Report and Recommendation regarding objections.

## II. MAGISTRATE JUDGE'S REPORT & RECOMMENDATION

In the R&R, the Magistrate Judge found that the ALJ's nondisability finding was supported by substantial evidence. The Magistrate Judge found that the ALJ properly weighed the opinions of the medical opinions in the record. The Magistrate Judge explained that it was proper for the ALJ to give great weight to the opinion of the state agency physician, Dr. Heban, in making his residual functional capacity determination. The Magistrate Judge explained that it was proper for the ALJ to give little weight to the opinion of Dr. Dillard, Plaintiff's treating physician, because he did not adequately explain his opinion, his opinion was inconsistent with the other objective evidence, and he was not a specialist. Similarly, the Magistrate Judge found that it was proper for the ALJ to give little weight to the opinion of Dr. Arani, an state-agency examining physician. The Magistrate Judge explained that Dr. Arani's opinion was based on Plaintiff's subjective complaints and his findings were not supported by his objective findings.

The Magistrate Judge also found that the ALJ properly assessed Plaintiff's credibility. The Magistrate Judge noted that an ALJ's findings based on the credibility of an applicant are to be accorded great weight. The Magistrate Judge explained that the ALJ relied on evidence in the record that Plaintiff continued to smoke despite having asthma and chronic bronchitis; and Plaintiff's daily activities included mopping, doing laundry, shopping, washing dishing, watching television, and walking. However, the Magistrate Judge noted that the ALJ did limit Plaintiff to a range of light work because the ALJ acknowledged that Plaintiff had difficulty doing some of her activities.

Accordingly, the Magistrate Judge found that Plaintiff's assignments of error were without merit, and the ALJ's decision was supported by substantial evidence.

### III. ANALYSIS

#### A. Standard of Review

The Court's review of the Social Security Commissioner's decision is limited to determining whether the findings are supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). The substantial evidence standard presupposes that "there is a zone of choice within which the [Commissioner] may proceed without interference from the court." *Felisky v. Bowen,* 35 F.3d 1027, 1035 (6th Cir. 1994). This "zone of choice" includes resolving conflicts in the evidence and deciding questions of credibility. *Gaffney v. Bowen,* 825 F.2d 98, 100 (6th Cir. 1987). Consequently, this Court should defer heavily to such findings by the Commissioner. *See Barker v. Shalala*, 40 F.3d 789, 795 (6th Cir. 1994). If substantial evidence supports the ALJ's finding of non-disability, that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky,* 35 F.3d at 1035, *citing Mullen v. Bowen,* 800 F.2d 535, 545 (6th Cir. 1986).

#### B. Weighing medical opinions

Plaintiff argues that the Magistrate Judge erred in finding that the ALJ properly considered the weight to be given to Drs. Dillard, Arani, and Heban.

Determining the proper weight to accord opinions of medical sources requires application of the following factors: examining relationship, treatment relationship, length of treatment, frequency of examination, nature and extent of the treatment relationship, supportability, consistency, specialization, and any other factors which support or contradict

the opinion. 20 C.F.R. § 416.927(d). "If the opinion of the treating physician as to the nature and severity of a claimant's conditions is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record,' then it will be accorded controlling weight." *Rogers v. Commissioner of Social Sec.*, 486 F.3d 234, 242 (6th Cir. 2007), *quoting Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

Plaintiff argues that even if Dr. Dillard, her treating physician, was not entitled to controlling weight, his opinion should have been given the most weight. Plaintiff states that Dr. Dillard's limitations were supported by Plaintiff's MRI study showing a herniated disk at C4-5 and stenosis in the neck area. Similarly, Plaintiff argues that the opinion of Dr.Arani should have been given greater weight because his findings were based upon his examination of Plaintiff and supported by the same MRI. Finally, Plaintiff argues that the opinion of Dr. Heban should be given little weight because his review of the record did not include a review of the functional capacity evaluation performed by Dr. Dillard.

The Court finds that the ALJ properly weighed the medical opinions in the record. Dr. Dillard is Plaintiff's long-time primary care physician, but he is not a specialist. Dr. Dillard ordered an MRI of Plaintiff's cervical spine which, as the ALJ noted, showed a small central C4-5 herniation effacing and touching the cord, but not deforming the cord. (Tr. 20) There was a small focal disc protrusion at the C3-4, but it only minimally indents the thecal sac without cord or root impingement. (Id.) There was mild disc narrowing at C5-6, but it only minimally flattens the thecal sac without cord or root impingement. (Id.) The ALJ found that Dr. Dillard's assessment of Plaintiff's ability to perform work-related activities was poorly explained. (Tr. 22) The ALJ also noted that Dr. Dillard's opinion was

contradicted by significant objective medical evidence. (Id.) Specifically, the MRI only showed mild disc narrowing at C5-6, and there was little clinically which correlated to cervical radiculopathy. (Id.) As the ALJ noted, Dr. Dillard failed to explain how the MRI supports Plaintiff's complaints of severe pain. (Id.) Accordingly, the Court finds that it was proper for the ALJ to not give Dr. Dillard's opinion controlling weight or the most weight.

The Court also finds that the ALJ gave proper weight to the opinion of Dr. Arani, an examining physician. While an examining physician is normally entitled to greater weight, Dr. Arani's opinion was based upon Plaintiff's subjective complaints. Dr. Arani explained that Plaintiff reported being in a car accident one year ago and that "[s]he was told that he had a disk problem" based upon a MRI which was performed. (Tr. 281) Dr. Arani does not state that he reviewed the MRI. Upon examination, Dr. Arani noted: "there is a mild restricted range of motion of the cervical spine and lumbar spine as described on the range of motion sheet." (Tr. 282)[2] The Sixth Circuit has held that it is proper to reject a medical opinion which is based in part upon the subjective complaints of the claimant. *Young v. Secretary of Health & Human Services*, 925 F.2d 146, 151 (6th Cir. 1990) (report from Pain Center properly rejected where findings based on claimant's subjective complaints); *Thomas v. Commissioner of Social Security*, 2004 WL 1559535 (6th Cir. July 9, 2004) (unpublished) (examining physician's opinion properly rejected where opinion was based in part on claimant' subjective complaints, many of which were not supported by objective medical findings); *Musaad v. Commissioner of Social Security,* 1995 WL 514668 (6th Cir.

---

[2]This range of motion sheet shows a reduced range of motion in these areas: (1) flexion of the cervical spine was reduced from 50 degrees to 45 degrees; (2) right and left lateral flexion were reduced from 45 degrees to thirty degrees; (3) right and left rotation were reduced from eighty degrees to sixty degrees.

Aug. 29, 1995) (unpublished) (ALJ properly rejected treating physicians' opinions which were based on claimant's subjective complaints and not supported by objective clinical findings). Furthermore, the Court notes that Dr. Arani is also not a specialist in the area of orthopaedics, but is a specialist in internal medicine and cardiology. (Tr. 281) Based on the foregoing, it was proper for the ALJ to give little weight to Dr. Arani's opinion.

Finally, the Court finds that the ALJ gave the proper amount of weight to the opinion of Dr. Heban even though his review did not include the functional capacity evaluation performed by Dr. Dillard because it was rendered after Dr. Heban's review.[3] Generally, more weight is given to treating physicians over non-treating physicians. *Rogers v. Commissioner*, 486 F.3d 234, 242 (6th Cir. 2007). However, deference must be based on objective medical evidence. *Id.* Here, there was little objective evidence to support the limitations found by Dr. Dillard. Dr. Dillard did reference the MRI performed in 2001. (See Tr. 300) This same MRI was in the record and reviewed by Dr. Heban in establishing his opinion concerning Plaintiff's functional capacity. (See Tr. 289) The Commissioner views non-examining sources "as highly qualified physicians and psychologists who are experts in the evaluation of the medical issues in disability claims under the [Social Security] Act." Social Security Ruling 96-6p. Therefore, the Court finds that the ALJ properly weighed the opinion of Dr. Heban against that of Dr. Dillard.

### C. <u>Credibility determination</u>

It is not for the court to make decisions concerning credibility. *Felisky v. Bowen*, 35 F.3d 1027, 1036 (6th Cir. 1994). "Discounting credibility to a certain degree is appropriate

---

[3]Dr. Heban's review was on December 2, 2004. (Tr. 295) Dr. Dillard's opinion was rendered on December 1, 2006. (Tr. 300)

where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence." *Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). Credibility determinations by the ALJ are to be accorded great weight and deference, as the ALJ is in a position to observe the demeanor and credibility of a witness. However, that assessment must be supported by substantial evidence. *Id.* If the ALJ rejects a claimant's testimony as not credible, he must clearly articulate his reasons for so finding. *Felisky*, 35 F.3d at 1036.

The Sixth Circuit has explained that meaningful appellate review requires more than a blanket assertion by an ALJ that "the claimant is not believable." *Rogers v. Commissioner*, 486 F.3d 234, 248 (6th Cir. 2007). The court observed that Social Security Ruling 96-7p requires that the ALJ explain his or her credibility determination and that the explanation "must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." *Id.* at 248.

Plaintiff argues that the daily activities cited by the ALJ and the Magistrate Judge do not show any ability to work forty hours per week. Plaintiff points out that she cooks using the microwave, she only goes to the grocery store once a month, she does not go to church often, she can only wash three to four plates before she must stop, she lies down while watching television, and her narcotic pain medications have reduced her subjective complaints. However, the ALJ properly relied upon these activities in making his credibility determination. "The ALJ may consider the household and social activities in evaluating complaints of disabling pain or other symptoms." *Bogle v. Sullivan*, 998 F.2d 342, 348 (6th Cir. 1993).

Plaintiff also argues that her continued smoking habit could not be a basis for making a credibility determination because smoking had no effect on her neck, arm, and low back pain; and she was only smoking one to two cigarettes per day at the time of the hearing. However, the failure to stop smoking against medical advice can be properly considered in assessing credibility. *See Galinis v. Commissioner of Social Sec.*, 2008 WL 360656, *8 (W.D.Mich. 2008) (unpublished) ("The Sixth Circuit has indicated that where a claimant declines to stop smoking despite being instructed by her care providers otherwise is an appropriate factor to consider when assessing the claimant's credibility."), *citing Hall-Thulin v. Commissioner of Social Security*, 1997 WL 144237 at *1 (6th Cir., March 27, 1997) (quoting Sias v. Secretary of Health and Human Services, 861 F.2d 475, 480 (6th Cir.1988)) (claimant's failure to stop smoking was inconsistent with allegations of disabling pain and limitation); *Mullins v. Secretary of Health and Human Services*, 836 F.2d 980, 985 (6th Cir. 1987) (same). Based on the foregoing, the Court finds no error in the ALJ's credibility determination.

## IV.    CONCLUSION

Upon *de novo* review of this matter, pursuant to 28 U.S.C. § 636, the Court **ADOPTS** the Magistrate Judge's R&R (Doc. 11). The Court finds that the decision of the Commissioner is supported by substantial evidence, and is affirmed. This matter shall be closed and terminated from the Court's docket.

**IT IS SO ORDERED.**

                                                     */s/ Michael R. Barrett*
                                                     Michael R. Barrett, Judge
                                                     United States District Court